IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES RICH | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-10-CV-2064-BD |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of Social Security | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff James Rich seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons stated herein, the hearing decision is reversed.

I.

Plaintiff alleges that he is disabled due to a variety of ailments, including sleep apnea, chronic low back pain, chronic knee pain, diabetes, and high blood pressure. After his application for disability benefits was denied initially and on reconsideration, plaintiff requested a hearing before an administrative law judge. That hearing was held on January 6, 2010. At the time of the hearing, plaintiff was 43 years old. He is a high school graduate with past work experience as a yeoman in the United States Navy. Plaintiff has not engaged in substantial gainful activity since October 1, 2006.

The ALJ found that plaintiff was not disabled and therefore not entitled to disability benefits. Although the medical evidence established that plaintiff suffered from chronic pain, failed low back syndrome, knee instability, sleep apnea, and obesity, the judge concluded that the severity of those

impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that plaintiff had the residual functional capacity to perform sedentary work with environmental restrictions, but could not return to his past relevant employment. Given his age, education, and exertional capacity for light work,[1] the judge found that plaintiff was not disabled under the Medical-Vocational Guidelines. Plaintiff appealed that decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal district court.

II.

In multiple grounds, plaintiff argues that the ALJ committed reversible error by: (1) failing to consider the disability determination of the Veterans Administration; (2) rejecting the opinions of his treating and examining physicians; (3) using the wrong legal standard to evaluate the side effects of his pain medication; and (4) determining that his impairments do not meet or equal any impairment listed in the social security regulations. Plaintiff also contends that substantial evidence does not support the finding that he can perform other work in the national economy.

A.

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were used to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *see also Austin v. Shalala*, 994 F.2d 1170, 1174 (5th Cir. 1993). It is more than a scintilla but less than a preponderance. *See Richardson*, 91 S.Ct. at 1427. The district court

---

[1] Notwithstanding his finding that plaintiff had the residual functional capacity to perform sedentary work with environmental restrictions, the ALJ applied the Grid Rule applicable to light work. (*See* Tr. at 17-18).

may not reweigh the evidence or substitute its judgment for that of the Commissioner, but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

A disabled worker is entitled to monthly social security benefits if certain conditions are met. 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *Id.* § 423(d)(1)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

1. The hearing officer must ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The hearing officer must determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3. The hearing officer must decide if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. This determination is made using only medical evidence.

4. If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his or her past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*See generally*, 20 C.F.R. § 404.1520(b)-(f). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing other work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995), *citing Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991). The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *Id.* However, procedural perfection is not required. The court will reverse an administrative ruling only if the claimant establishes prejudice. *See Smith v. Chater*, 962 F.Supp. 980, 984 (N.D. Tex. 1997).

B.

Among the arguments made by plaintiff is a single ground that compels remand -- the ALJ failed to discuss or explain the evidentiary weight given to a determination by the Veterans Administration ("VA") that plaintiff is disabled. Prior to the administrative hearing, plaintiff received a combined disability rating of 80% from the VA due to sleep apnea, low back impairment, and a left knee condition. (*See* Tr. at 34-36). The VA concluded that plaintiff was "unable to

maintain substantially gainful employment" effective March 19, 2007, and awarded him benefits as a result of his "permanent and total disability." (*Id.* at 35-36). This disability determination was not discussed or even mentioned by the ALJ in the hearing decision.

"A VA rating of total and permanent disability is not legally binding on the Commissioner because the criteria applied by the two agencies is different, but it is evidence that is entitled to a certain amount of weight and must be considered by the ALJ." *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001); *see also* SSR 06-03p, 2006 WL 2329939 at *6 (S.S.A. Aug. 9, 2006) ("[E]vidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered."). In most cases, the VA determination is entitled to "great weight." *Chambliss*, 269 F.3d at 522. While the relative weight given to such a determination will vary depending upon the factual circumstances of each case, an ALJ who declines to give "great weight" to the VA determination must adequately explain the reasons for not doing so. *Id.*; *see also* SSR 06-03p (adjudicator should explain the consideration given to disability decisions by other agencies). The failure to follow this rule is legal error requiring reversal. *See Arebalo v. Astrue*, No. 4-09-CV-0496-A, 2010 WL 6571087 at *3 (N.D. Tex. Oct. 7, 2010), *rec. adopted*, 2011 WL 1633137 (N.D. Tex. Apr. 29, 2011) (remand required where ALJ failed to consider VA determination that plaintiff was disabled and provided no reasons why that determination was not entitled to great weight); *Beltran v. Astrue*, No. 4-09-111, 2010 WL 519760 at *4 (S.D. Tex. Feb. 9, 2010) (same).

The ALJ failed to explain his reasons for not giving "great weight" to the determination by the VA that plaintiff is totally and permanently disabled. Indeed, the ALJ failed to mention the VA determination at all. Under these circumstances, remand is required. *See, e.g. J.W.M. v. U.S. Comm'r Soc. Sec. Admin.*, No. 08-CV-0814, 2009 WL 3645105 at *2 (W.D. La. Oct. 30, 2009); *Arebalo*, 2010 WL 6571087 at *3; *Beltran*, 2010 WL 519760 at *4.

## CONCLUSION

The hearing decision is reversed, and this case is remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.[2]

SO ORDERED.

DATED: December 22, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[2] By remanding this case for further administrative proceedings, the court does not suggest that plaintiff is or should be found disabled.